FILED

2014 Oct-10  PM 02:57
U.S. DISTRICT COURT
N.D. OF ALABAMA



IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF ALABAMA

| | | |
|---|---|---|
| Peter M. Kueth | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Civil Action No. 14-_____ |
| | ) | |
| Valley Credit Service, Inc., | ) | |
| & TransUnion, LLC. | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

COMES NOW the Plaintiff, by and through his attorney of record in the above-styled cause and alleges the following against the Defendant:

## INTRODUCTION

1. This is an action for actual, statutory, and punitive damages, costs, and attorney's fees brought pursuant to the Fair Credit Reporting Act and the Fair Debt Collection Practices Act.

## PARTIES & JURISDICTION

2. Plaintiff is a resident citizen of Madison County, Alabama, is over the age of 19 years, and is a "consumer" as defined by the FDCPA and the FCRA.

3. Defendant Valley Credit Services, Inc. (hereinafter "VCS") is a foreign corporation engaged in the collection of debts owed to others, whose principal place of business is 3690 Dobleann Dr, PO Box 6220, Charlottesville, VA 22906.

4. VCS regularly uses the mails, telephones, and other instrumentalities of interstate commerce to collect debts owed to others, and is a "debt collector" within the meaning of 15 U.S.C. 1692a.

5.  Defendant TransUnion, LLC is a Pennsylvania LLC and a "consumer reporting agency" as defined by 15 U.S.C. §1681a(f), as it regularly assembles and evaluates credit information on consumers in the United States for the purpose of creating and selling credit reports.

6.  Upon information and belief, TransUnion disburses such consumer reports to third parties for monetary compensation.

7.  This court has jurisdiction over this case under 15 U.S.C. §1692k(d) and 15 U.S.C. §1681p.

FACTS

8.  At some point in the past, Plaintiff entered into a membership agreement with Gold's Gym, through which Plaintiff paid monthly fees for the use of Gold's Gym (hereinafter "Gold's") fitness facilities.

9.  A few years ago, Plaintiff suffered financial difficulties and was forced to terminate his membership.

10. In about March of 2014, Plaintiff became aware that an alleged debt of $392 to Gold's was listed on a credit report prepared by Defendant TransUnion.  A copy of the relevant portion of such report is attached as Exhibit A.

11. Plaintiff disputed any debt to Gold's due to the membership having been cancelled, but in order to improve his creditworthiness, decided to offer to settle the account in full.

12. To that end, on or about March 27, 2014, Plaintiff's attorney sent Gold's a letter reiterating Plaintiff's dispute of the alleged debt, but offering to settle the account in full for a single payment of $100.

13. On or about May 16, 2014, agents of Gold's contacted Plaintiff's attorney by telephone to accept Plaintiff's offer of settlement.

14. The agents of Gold's gave Plaintiff's attorney instructions to send the money to:

     Gold's Gym
     Attn: Customer Care Dept.
     4001 Maple Ave, Ste 200
     Dallas, TX 75219

15. Plaintiff did in fact promptly send $100 to Gold's as instructed, at which point the account was settled in full.

16. The money was received by Gold's no later than May 22, 2014.

17. Gold's deposited the check without question on May 22, 2014, and the check was not dishonored.

18. After May 22, 2014, Plaintiff did not owe any debt to Gold's or any other entity on the Gold's account.

19. Under Alabama common law, "[a] valid assignment gives the assignee the same rights, benefits, and remedies that the assignor possesses." Nissan Motor Acceptance Corp. v. Ross, 703 So.2d 324, 326 (Ala.1997).

20. At all times relevant to this proceeding, VCS was an assignee of Gold's and had no greater rights against the Plaintiff than Gold's had – that is to say, no rights whatsoever after May 22, 2014.

21. Alternatively, VCS was acting as a collection agent of Gold's at all times relevant to this proceeding.

22. Regardless of whether VCS was acting as an assignee of Gold's or an agent of Gold's, Plaintiff's liability on the Gold's account was extinguished no later than May 22, 2014, when Plaintiff paid $100 to settle the account.

23. Despite the settlement agreement, VCS continued to report to TransUnion and other nationwide consumer reporting agencies that Plaintiff owed a debt to Gold's.

24. In fact, the balance alleged increased from $392 to $742.  The relevant portion of

Plaintiff's TransUnion credit report is copied below:

```
VALLEY CREDIT SVC  #2109013****
PO BOX 83
STAUNTON, VA 24402-0083
(888) 992-2312
Placed for          01/09/2009     Balance:            $742         Pay Status:        >In Collection<
Collection:                        Date Updated:       05/12/2009
Responsibility:     Individual Account  Original Amount:   $370
Account Type:       Open Account    Original Creditor:   GOLDS GYM
Loan Type:          COLLECTION                          BIRMINGHAM
                    AGENCY/ATTORNEY                     (Retail)
                                   Past Due:           >$742<
Remarks: DISP INVG COMP-CONSUM DISAGRS; >PLACED FOR COLLECTION<
Estimated month and year that this item will be removed: 11/2015
```

25. On or about August 17, 2014, Plaintiff sent Defendant TransUnion a dispute informing TransUnion that the report was erroneous due to the fact that the alleged debt to Gold's had been settled in full.

26. TransUnion acknowledged Plaintiff's dispute and later informed Plaintiff that it had conducted an investigation into Plaintiff's dispute.

27. Yet, after the investigation was allegedly concluded, TransUnion continued to report that Plaintiff owed Gold's and/or VCS a sum of $742.

28. This was false.  Plaintiff has not owed Gold's or VCS any money since May 22, 2014.

29. Furthermore, Plaintiff had never owed Gold's, VCS, or any other entity any more than $392 on the account.

30. Even if Plaintiff had not settled the debt, the undisputed payment of $100 towards such account would have reduced the amount of the debt.

31. The reporting of this account has been and continues to be false and to negatively affect Plaintiff's credit profile.

32. The nature of Plaintiff's work is such that a bad credit profile creates negative consequences for his current and future employment prospects.

33. The continued reporting of this false information on Plaintiff's credit reports has

caused significant damage to the Plaintiff, including but not limited to:

    a)  Decreased creditworthiness;

    b)  Actual credit denials;

    c)  Difficulties at work;

    d)  Disadvantages in Plaintiff's current employment;

    e)  Diminished opportunities for Plaintiff to seek other employment in his field;

    f)  Embarrassment, humiliation, emotional distress, fear, and anxiety;

    g)  Loss of credit opportunity and increased credit cost.


<u>FIRST CLAIM FOR RELIEF AGAINST VCS:</u>

<u>FAIR DEBT COLLECTION PRACTICES ACT</u>

34. Plaintiff realleges and incorporates paragraphs 1 through 33 as if fully set forth herein.

35. The Fair Debt Collection Practices Act imposes upon debt collectors a broad prohibition of false, deceptive, or misleading communications. *15 U.S.C. §1692e.*

36. Specifically pertinent to this case, 15 U.S.C. §1692e(8) prohibits the reporting of ***any*** false information to a consumer reporting agency.

37. VCS has therefore violated the FDCPA in the following ways:

  a)  Reporting a $742 balance in the first place, when in fact no more than $392 was ever owed;

  b)  Reporting a $742 balance after the account was settled on May 22, 2014, when nothing at all was owed.

38. "[D]ebt collectors use the reporting mechanism as a tool to persuade consumers to pay, just like dunning letters and telephone calls." *FDCPA Staff Opinion: LeFevre-Cass. December 23, 1997.*

39. VCS' purpose in reporting the falsely inflated balance against the Plaintiff was to coerce him into paying money he didn't owe.

40. The Plaintiff has been directly damaged by the reporting of this false information as described above.

41. Defendant VCS has also violated 15 U.S.C. §1692e(2)(A) by falsely stating that Plaintiff owed $742, when in fact he did not.

42. 15 U.S.C. §1692f prohibits the use of "unfair or unconscionable" collection practices by debt collectors, including the collection of any amount (including any interest, fee, charge or expense incidental to the principal obligation), unless such amount is expressly authorized by the agreement creating the debt or permitted by law." *15 U.S.C. §1692f(1).*

43. In addition to its illegally false communications, VCS has violated 15 U.S.C. §1692f(1) by seeking to collect from the Plaintiff more than was actually owed.

44. These deceptive and unfair collection practices by VCS have directly damaged the Plaintiff by forcing him to devote valuable time and expense into fighting the collection, by causing him needless stress, anxiety, and other harm to his emotional and mental states.

45. For its violations of the FDCPA, VCS is liable to the Plaintiff for actual damages, statutory damages of up to $1,000, plus costs and attorney's fees.


FIRST CLAIM FOR RELIEF AGAINST TRANSUNION: 15 U.S.C. §1681e

46. Plaintiff realleges and incorporates by reference paragraphs 1 through 33 above.

47. The errors on Plaintiff's credit report were easily preventable, and were only published due to a failure of TransUnion to establish or follow reasonable procedures to assure maximum possible accuracy in the preparation of its consumer reports regarding the Plaintiff.

48. TransUnion violated 15 U.S.C. §1681e(b) by failing to establish or follow reasonable

procedures to assure maximum possible accuracy in the preparation of its credit reports and credit files regarding the Plaintiff.

49. As a result of these failures and the consequently inaccurate credit reports published against the Plaintiff, the Plaintiff has suffered damages as described above.

50. On at least one occasion since September 13, 2014, the Plaintiff has suffered credit denial due to inaccurate information on a TransUnion credit report regarding the Plaintiff.

51. TransUnion's action and inaction was willful, rendering it liable to the Plaintiff for actual and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n, as well as costs and attorney's fees.

52. Alternatively, TransUnion's actions were negligent, rendering it liable to the Plaintiff for actual damages, costs, and attorney's fees pursuant to 15 U.S.C. §1681o.

SECOND CLAIM FOR RELIEF AGAINST TRANSUNION:  15 U.S.C. §1681i

53. Plaintiff realleges and incorporates paragraphs 1 through 32 as though fully set forth herein.

54. After receiving notice of Plaintiff's dispute, TransUnion had a duty under  15 U.S.C. §1681i(a) to conduct an investigation into the dispute and to delete any inaccurate or unverifiable information.

55. TransUnion failed to conduct an investigation into the Plaintiff's dispute.

56. TransUnion failed to delete or modify the inaccurate information which were included in its reports regarding the Plaintiff.

57. TransUnion violated 15 U.S.C. §1681i by:

  a) Failing to delete inaccurate information in the Plaintiff's credit file, despite having actual notice of such inaccuracies;

b) Failing to conduct an adequate reinvestigation;

c) Failing to forward all relevant information to VCS and/or Gold's;

d) Failing to maintain reasonable procedures with which to filter and verify disputed information in the Plaintiff's credit file;

e) Relying upon "verification" of disputed information from a source which TransUnion knew or should have known to be unreliable.

58. As a result of TransUnion's violations of 15 U.S.C. §1681i, the Plaintiff suffered damages as described above.

59. On at least one occasion since September 13, 2014, the Plaintiff has suffered credit denial due to inaccurate information on a TransUnion credit report regarding the Plaintiff.

60. TransUnion's action and inaction was willful, rendering it liable to the Plaintiff for actual and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n, as well as costs and attorney's fees.

61. Alternatively, TransUnion's actions were negligent, rendering it liable to the Plaintiff for actual damages, costs, and attorney's fees pursuant to 15 U.S.C. §1681o.


SECOND CLAIM FOR RELIEF AGAINST VCS: 15 U.S.C. §1681s

62. Plaintiff realleges and incorporates paragraphs 1 through 33 as though fully set forth herein.

63. VCS had knowledge that Plaintiff disputed the balance reported by VCS to the three major credit bureaus.

64. VCS received notice of Plaintiff's credit report dispute from TransUnion.

65. Nevertheless, after May 22, 2014, VCS continued to report to TransUnion and other nationwide consumer reporting agencies that Plaintiff owed it a balance of $742.

66. This representation was false.

67. VCS violated 15 U.S.C. §1681s-2(b) by:

  a) Continuing to report that Plaintiff owed it and/or Gold's a balance of $742, despite having been notified that this information was incorrect;

  b) Failing to fully and properly investigate the Plaintiff's dispute of the information reported to TransUnion and the other consumer reporting agencies;

  c) Failing to review all relevant information received from TransUnion regarding the dispute;

  d) Failing to adequately respond to TransUnion;

  e) Failing to correctly report results of an accurate investigation to every other consumer reporting agency;

  f) Failing to permanently correct its own records to prevent re-reporting of the false information to the consumer reporting agencies.

68. VCS' action and inaction was willful, rendering it liable to the Plaintiff for actual and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n, as well as costs and attorney's fees.

69. Alternatively, VCS' actions were negligent, rendering it liable to the Plaintiff for actual damages, costs, and attorney's fees pursuant to 15 U.S.C. §1681o.

WHEREFORE, PREMISES CONSIDERED, Your Plaintiff respectfully prays this Honorable Court enter an order granting the following relief:

A) An award of actual damages, statutory damages of $1,000, and attorneys' fees for VCS' violations of the FDCPA;

B) An award of actual damages, statutory damages of $1,000, punitive damages, costs, and attorney's fees for VCS' violations of the FCRA;

C) An award of actual damages, statutory damages, punitive damages, costs, and attorney's fees for TransUnion's violations of the FCRA.

**PLAINTIFF DEMANDS A TRIAL BY JURY.**


RESPECTFULLY SUBMITTED this 10rd Day of October, 2014.


/s/ Judson E. Crump
Judson E. Crump, Attorney for Plaintiff

Judson E. Crump, PC
250 Congress Street
Mobile, Alabama 36603
251.272.9148
judson@judsonecrump.com